## UNITED STATES BANKRUPTCY COURT
### NORTHERN **DISTRICT OF** ILLINOIS

| | | |
|---|---|---|
| In re: | § | Case No. 07-04873 |
| HALPER, JULIE A | § | |
| | § | |
| | § | |
| Debtors | § | |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 03/20/2007 . The undersigned trustee was appointed on  03/20/2007 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 24,046.77

        Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | 10,287.68 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |

        Leaving a balance on hand of     $ 13,759.09

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was  02/23/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of

claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,154.68 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 3,154.68 , for a total compensation of $ 3,154.68 .  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 4.84 , for total expenses of $ 4.84 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/05/2009                          By:/s/Robert B. Katz
                                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Page: 1
Exhibit A

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:    07-04873    JPC    Judge: JACQUELINE P. COX
Case Name:  HALPER, JULIE A
For Period Ending: 08/05/09

Trustee Name:                          Robert B. Katz
Date Filed (f) or Converted (c):       03/20/07 (f)
341(a) Meeting Date:                   04/19/07
Claims Bar Date:                       02/23/09

| 1 Asset Description (Scheduled and Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| 1. TCF BANK | 100.00 | 0.00 | | 0.00 | FA |
| 2. FURNISHINGS | 2,000.00 | 0.00 | | 0.00 | FA |
| 3. CLOTHING | 200.00 | 0.00 | | 0.00 | FA |
| 4. WORKER COMPENSATION CLAIM - ATTORNEY ROBERT SCHLEM | Unknown | 0.00 | | 0.00 | FA |
| 5. POSSIBLE CLAIM FOR WRONGFUL TERMINATION AGAINST CO (u) | Unknown | Unknown | | 24,043.75 | FA |
| 6. 2000 TOYOTA TUNDRA JOINTLY OWNED - 103,000 MILES ( | 5,000.00 | 0.00 | | 0.00 | FA |
| 7. HORSE | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. Post-Petition Interest Deposits (u) | Unknown | N/A | | 3.02 | Unknown |

TOTALS (Excluding Unknown Values)        9,300.00    $0.00              $24,046.77

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Attorney for Trustee settled claim for wrongful termination by prior employer. Trustee awaits expiration of claim filing period on 2/23/09, to consider any objections to claims.

Initial Projected Date of Final Report (TFR): 12/31/09        Current Projected Date of Final Report (TFR): 12/31/09

LFORM1    UST Form 101-7-TFR (4/1/2009) (Page: 3)

Ver: 14.31c

Page: 1
Exhibit B

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 07-04873 -JPC
Case Name: HALPER, JULIE A
Taxpayer ID No: *******2249
For Period Ending: 08/05/09

Trustee Name: Robert B Katz
Bank Name: BANK OF AMERICA
Account Number / CD #: *******1830 Money Market Account (Interest Earn
Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 Transaction Date | 2 Check or Reference | 3 Paid To / Received From | 4 Description Of Transaction | Uniform Tran. Code | 5 Deposits ($) | 6 Disbursements ($) | 7 Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/20/08 | 5 | Coca-Cola Enterprises Inc. 521 Lake Kathy Drive Brandon, FL 33510 | Settlement of WT claim. | 1149-000 | 11,543.75 | | 11,543.75 |
| 11/20/08 | 5 | Coca Cola Enterprises Inc. 521 Lake Kathy Drive Brandon, FL 33510 | Settlement of WT claim. | 1149-000 | 12,500.00 | | 24,043.75 |
| 11/28/08 | 8 | BANK OF AMERICA | Interest Rate 0.100 | 1270-000 | 0.45 | | 24,044.20 |
| 12/03/08 | 000101 | Ira P. Goldberg DiMonte & Lizak, LLC 216 West Higgins Road Park Ridge, IL 60068 | ATTORNEY FEES PER COURT ORDER | 1270-000 | | 10,127.66 | 13,916.54 |
| | | | Fees 10,000.00 | 3210-000 | | | 13,916.54 |
| | | | Expenses 127.66 | 3220-000 | | | 13,916.54 |
| 12/31/08 | 8 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.89 | | 13,917.43 |
| 01/30/09 | 8 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.11 | | 13,917.54 |
| 02/04/09 | 000102 | International Sureties Suite 420 701 Poydras St. New Orleans, LA 70139 | BLANKET BOND DISBURSEMENT | 2300-000 | | 11.02 | 13,906.52 |
| 02/27/09 | 8 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.11 | | 13,906.63 |
| 03/31/09 | 8 | BANK OF AMERICA | Interest Rate 0.010 | 1270-000 | 0.12 | | 13,906.75 |
| 04/30/09 | 8 | BANK OF AMERICA | Interest Rate 0.030 | 1270-000 | 0.30 | | 13,907.05 |
| 05/26/09 | 000103 | ILLINOIS DEPARTMENT OF REVENUE Bankruptcy Section Level 7-425 100 West Randolph Street Chicago, IL 60606 | State Income Tax For the year ending 12/31/2008. | 2820-004 | | 149.00 | 13,758.05 |
| * 05/26/09 | 000103 | ILLINOIS DEPARTMENT OF REVENUE | Stop Payment Reversal | 2820-004 | | -149.00 | 13,907.05 |
| | | | Page Subtotals | | 24,045.73 | 10,138.68 | |

Page: 2
Exhibit B

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 07-04873 -JPC |
|---|---|
| Case Name: | HALPER, JULIE A |
| Taxpayer ID No. | *******2249 |
| For Period Ending: | 08/05/09 |

| Trustee Name: | Robert B. Katz |
|---|---|
| Bank Name: | BANK OF AMERICA |
| Account Number / CD #: | *******1830  Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | Bankruptcy Section Level 7-425 100 West Randolph Street Chicago, IL 60606 | STOP PAY ADD SUCCESSFUL. | | | | |
| 05/26/09 | 000104 | Illinois Department of Revenue P.O. Box 19009 Springfield, IL 62794-9009 | State Income Tax For the year ending 12/31/2008. | 2820-000 | | 149.00 | 13,758.05 |
| 05/29/09 | 8 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.35 | | 13,758.40 |
| 06/30/09 | 8 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.34 | | 13,758.74 |
| 07/31/09 | 8 | BANK OF AMERICA | Interest Rate  0.030 | 1270-000 | 0.35 | | 13,759.09 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 24,046.77 | 10,287.68 | 13,759.09 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 24,046.77 | 10,287.68 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 24,046.77 | 10,287.68 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS Money Market Account (Interest Earn - *******1830 | 24,046.77 | 10,287.68 | 13,759.09 |
| | 24,046.77 | 10,287.68 | 13,759.09 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| Page Subtotals | 1.04 | 149.00 | |
|---|---|---|---|

Ver:  14.31c

LFORM24  UST Form 101-7-TFR (4/1/2009) (Page: 5)

EXHIBIT C

ANALYSIS OF CLAIMS REGISTER

| Case Number: | 07-04873 | | Page 1 | | | Date: August 05, 2009 |
|---|---|---|---|---|---|---|
| Debtor Name: | HALPER, JULIE A | | Claim Class Sequence | | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | Popower Katten, LTD.<br>35 East Wacker Drive<br>Suite 1550<br>Chicago, IL 60601 | Administrative | | $1,829.00 | $0.00 | $1,829.00 |
| 000004<br>001<br>3210-00 | Ira P. Goldberg<br>DiMonte & Lizak, LLC<br>216 West Higgins Road<br>Park Ridge, IL 60068 | Administrative | | $13,536.85 | $10,127.66 | $3,409.19 |
| 000001<br>070<br>7100-00 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Unsecured | | $4,428.11 | $0.00 | $4,428.11 |
| 000002<br>070<br>7100-00 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Unsecured | | $9,700.00 | $0.00 | $9,700.00 |
| 000003<br>070<br>7100-00 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Unsecured | | $6,927.81 | $0.00 | $6,927.81 |
| | Case Totals: | | | $36,421.77 | $10,127.66 | $26,294.11 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 07-04873
Case Name: HALPER, JULIE A
Trustee Name: Robert B. Katz

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| | $ |
| | $ |
| | $ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | | Expenses | |
|---|---|---|---|---|
| Trustee: Robert B. Katz | $ | 3,154.68 | $ | 4.84 |
| Attorney for trustee: Ira P. Goldberg | $ | 3,409.19 | $ | 0.00 |
| Appraiser: | $ | | $ | |
| Auctioneer: | $ | | $ | |
| Accountant: Popowcer Katten, LTD. | $ | 1,829.00 | $ | 0.00 |
| Special Attorney for trustee: | $ | | $ | |
| Charges: | $ | | $ | |
| Fees: | $ | | $ | |
| Other: | $ | | $ | |
| Other: | $ | | $ | |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor:* | $ | $ |
| *Attorney for:* | $ | $ |
| *Accountant for:* | $ | $ |
| *Appraiser for:* | $ | $ |
| *Other:* | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 21,055.92  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 25.5  percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000001 | Roundup Funding, LLC | $ 4,428.11 | $ 1,127.51 |
| 000002 | Roundup Funding, LLC | $ 9,700.00 | $ 2,469.87 |
| 000003 | American Express Centurion Bank | $ 6,927.81 | $ 1,764.00 |

Late filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00 .

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 CASE |
| | ) | |
| HALPER, JULIE A | ) | CASE NO. 07-04873-JPC |
| | ) | |
| Debtor(s) | ) | Hon. JACQUELINE P. COX |
| | ) | BANKRUPTCY JUDGE |
| | ) | |

## TRUSTEE'S APPLICATION FOR
## COMPENSATION AND EXPENSES

TO:   THE HONORABLE JACQUELINE P. COX
BANKRUPTCY JUDGE

NOW COMES ROBERT B. KATZ, Trustee herein, pursuant to 11 U.S.C. §330, and requests $3,154.68 as compensation and $4.84 for reimbursement of expenses, $0.00 amount of which has previously been paid.

### I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $24,046.77.  Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $1,904.68 | ($4,500.00 max.) |
| 05% of next $950,000.00 | $0.00 | ($47,500.00 max.) |
| 03% of balance | $0.00 | |
| | | |
| TOTAL COMPENSATION | $3,154.68 | |

**EXHIBIT E**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| Julie A. Halper, | ) | Case No. 07-04873 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicants:   **DiMonte & Lizak, LLC Counsel to Trustee ("D&L")**

Authorized to Provide
Professionals Services to:   **Trustee**

Date of Order Authorizing Employment:   **July 24, 2007 (Retroactive June 25, 2007)**

Period for Which
Compensation is Sought:   **June 25, 2007 through close of case**

Amount of Fees Sought:   **$3,462.50**

Amount of Expenses
Reimbursement Sought:   **$(53.31) Credit Balance**

Total:   **$3,409.19**

This is an _____ Interim Application        __X__ Final Application

If this is not the first application filed herein by the this professional, disclosures as to all prior fee applications: D&L performed certain services for this estate related to a retaliatory discharge action the Debtor had pending against Coca-Cola Enterprises ("Retaliation Action"). The Retaliation Action was settled on or about November 6, 2008. Pursuant to the settlement order, D&L was compensated in the amount of $10,000.00 and granted reimbursement of expenses of $127.66. See Docket Nos. 22 and 26.

| Date Filed | Period Covered | Total Requested | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 11/26/08 | Retaliation Action | $10,127.66 | $10,127.66 | $0.00 |
| | | | | |
| | | | | |

The amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $10,000.00 in compensation and $127.66 in expenses. Please note that said fees were limited in accordance with this court's order entered July 24, 2007. See Docket No. 19. D&L is also to be compensated on an hourly basis for all services not directly related to the Retaliation Action. See Docket No. 18.

Date:   March 16, 2009

Applicant:   DiMonte & Lizak, LLC

By:   /s/ Ira P. Goldberg

Ira P. Goldberg
ARDC#: 6185512
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel: 847-698-9600
Fax: 847-698-9623
Email: igoldberg@dimontelaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| Julie A. Halper, | ) | Case No. 07-04873 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**FINAL APPLICATION TO THE COURT**
**OF DIMONTE & LIZAK, LLC, FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES AS COUNSEL FOR THE TRUSTEE**

DiMonte & Lizak, LLC ("D&L"), counsel for Robert B. Katz, the trustee ("Trustee") in the above-referenced Chapter 7 proceeding, requests the entry of an order for allowance of final compensation in the amount of $ 3,462.50   (D&L has previously been allowed $10,000.00 in compensation and $127.66 in expenses as a contingent fee related to the Retaliation Action). After deducting $53.31, as a credit balance for expenses, the total sought is $3,409.19. In support thereof D&L respectfully states as follows:

## I. NARRATIVE SUMMARY

1.      On or about March 20, 2007, Julie A. Halper ("Debtor") filed a voluntary Chapter 7 petition.

2.      Robert B. Katz is the duly appointed and acting Trustee of the estate of the Debtor.

3.      For the convenience of this Court and other parties in interest, summary sheets disclosing additional information, including, but not limited to the following, are attached hereto and incorporated herein as Exhibit **A**.

(a)      Previous requests, if any, for fees and expenses herein;

1

(b)     Previous awards, if any, of fees and expenses herein;

(c)     Disclosures related to professionals and para-professionals who have worked on this case;

(d)     Calculations of both the blended rates of the attorneys involved in this case as well as a separate calculation of the blended rates of both attorneys and para-professionals; and

(e)     Disclosures regarding the financial condition of this estate ("Estate").

4.     The normal hourly rates charged by the principals, associates, and the legal assistants of D&L for the period covered by this application is as follows:

Ira P. Goldberg (Developmental Partner)                $295.00 - $310.00

## II. CASE STATUS

5.     Professionals have been retained. The attorneys are Ira P. Goldberg and Di Monte & Lizak, LLC as legal counsel for the Trustee. To date, approximately a net of $24,000.00 in funds have been recovered from the Retaliation Action. From that sum $10,000.00 in compensation and $127.66 have been paid to D&L Accordingly, approximately $14,000.00 remains on hand. If not for the efforts of the Trustee and his counsel, this would have been a no-asset case.

## III. PROJECT SUMMARIES

6.     For the time period covered by this application D&L provided a wide variety of legal services to the Trustee. The services which were performed by D&L during such time period are categorized and described in detail on an itemized statement attached hereto and made part of as Exhibit **B.** At the end of each category, there is a list, for each attorney or paraprofessional who worked on that matter, of the total number of hours (with dollar value) spent on that matter. The

2

following is a statistical overview of the services performed by D&L for which it seeks compensation which includes the approximate hours expended by D&L for which it seeks compensation, the approximate value of those services and the amount of fees previously received by D&L:

| Name of Services | Approximate | Value | Previous Hours (N/A) | Fees Previously Received (N/A) |
|---|---|---|---|---|
| 1. Case Administration | 5.2 hrs | $ 1,571.50 | N/A | N/A |
| 2. Creditors & Claims; | 2.1 hrs | $    651.00 | N/A | N/A |
| 3. Retailation Action | N/A | N/A | N/A | $    10,000.00 |
| 4. Fee Petitions | 1.0 hr | $    310.00 | N/A | N/A |
| 5. Closing of Case | 3.0 hrs | $    910.00 | N/A | N/A |
| TOTAL (Before Reduction) | 11.3 hrs | $ 3,462.50 | N/A | N/A |
| **TOTAL (After Reduction of $53.31)** | **11.3 hrs** | **$ 3,409.19** | **N/A** | **$    10,000.00** |

7.     The following is a factual summary of the services provided and in certain cases the results achieved from on or about June 25, 2007 through the anticipated closing of this case:

(a)     **Case Administration:** D&L expended ___5.2___ hours of time related to this category. The work in this category includes, but is not limited to, preparing and appearing on motions to retain counsel and an accountant, and corresponding with the Trustee and his paralegal about the status of the case. Detailed time entries related to the compensation sought for Case Administration are contained in Exhibit **B**.

(b)     **Creditors and Claims:** D&L expended __2.1__ hours of time related to this category of work. The work in this category includes, but is not limited to, reviewing claims filed on ECF;

3

corresponding with Trustee and his paralegal to set a bar date for Claims, and reviewing claim. Detailed time entries related to the compensation sought for Creditors and Claims are contained in Exhibit **B**.

(c)    **Fee Petitions.** D&L expended __1.0__ hours of time related to this category of work. The work in this category includes, but is not limited to, working on this Final Fee Petition. Detailed time entries relating to the compensation sought for Fee Petitions are contained in Exhibit **B**.

(d)    **Closing of Case:** D&L has partially expended and anticipates expending at least 3.00 hours of time related to this category of work. The work in this category involves, and is anticipated to primarily involve, the following:  1) preparation and presentation of fee applications; 2) discussions with the Trustee and parties in interest related to the closing of this case, and 3) appearances in court related to the closing of this case[1].  Detailed time entries related to the compensation sought for Closing of Case are contained in Exhibit **B**.

8.    All of the services referred to hereinabove were reasonably necessary to be performed in order that:

(a)    The interest of the estate and its creditors be adequately represented and defended; and

(b)    To maximize the recovery to this estate and its creditors.

## IV. COMPUTATION OF COMPENSATION

9.    The services performed from June 25, 2007 through the anticipated closing of this case required and are anticipated to require a total time expenditure of about __11.3__ hours on the part of the principals, associates and legal assistants of D&L. The services which D&L is seeking

---

[1] D&L estimates it has or will expend over 3.0 hours of time related to this category of work, including additional work on fee petitions.

4

compensation are set forth with particularity at Exhibit **B.** Based on the nature, the extent and value the services for which D&L is seeking compensation, the time spent on such services and cost of comparable services other than those in the case under this title, such services have a value of at least $3,462.50. After credit of $53.31 the total sought is $3,409.19.

## V. EXPENSES

10.      In addition, D&L incurred certain reasonable necessary additional expenses during its representation of the Trustee in the amount of $0.00 (a file set up fee of $25.00 has been written off). Moreover, as an additional overview for the court, D&L provides the following information respecting the method it uses to record and charge various types of expenses:.

(a)      **Telecopier Transmittals**: D&L does not charge for telecopier transmittals unless they are extraordinary.

(b)      **Delivery Services:** Any persons wishing to engage either local messenger or overnight services must fill out a delivery service slip, which requires the inclusion of client and matter numbers. These slips are then sent to the D&L accounting department, where the data is entered by client and matter number into the D&L computer. D&L's delivery charges are for actual out-of-pocket expenses only.

(c)      **Photocopying**: Photocopying may be accomplished in one of two ways at D&L: There are photocopying machines, controlled by computer key pads on every floor. Small copying jobs are not charged. For larger jobs, the person wishing to make copies bills it to the client and matter number to which the job must be charged. Very large copying jobs are usually sent to an outside copy service. D&L traditionally charges 0.20¢ per page for photocopying and if that fee is not fully paid it is typically charged to the originating attorney. D&L has not charged for any photocopies in this matter.

(d)    **Long distance telephone**: Long distance telephone calls are not charged unless extraordinary.

## VI. CERTIFICATION

11.    D&L certifies that the Trustee has received and reviewed this application for compensation and reimbursement of expenses. D&L also certifies that the Trustee has approved this application.

## VII. SERVICE

12.    This matter will be noticed for hearing along with the final report.

**WHEREFORE,** D & L prays that an Order be entered respecting this application, after such notice and hearing as is required by the Court:

(a)    Granting a first and final allowance of D&L respecting services first requested in this Application in the amount of $ 3,409.19 (collectively, the "Allowance").

(b)    Authorizing and directing the Trustee to pay the Allowance; and

(c)    Granting such other and further relief as this Court deems just and equitable.

Dated: March 16, 2009.

Respectfully Submitted,

DiMonte & Lizak, LLC

By: /s/ Ira P. Goldberg
Ira P. Goldberg, One of its agents

Ira P. Goldberg (ARDC# 6185512)
Di Monte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Email: igoldberg@dimontelaw.com

6

**DI MONTE & LIZAK LLC**
ATTORNEYS AT LAW
216 WEST HIGGINS ROAD
PARK RIDGE, ILLINOIS 60068
(847) 698-9600
FEIN: 36-3152797

February 28, 2009

ROBERT B KATZ
JULIE A HALPER BANKRUPTCY
223 W JACKSON BLVD   STE 1010
CHICAGO, IL  60606

Invoice#  0
Client#   HALPJ1        00001
Billing through   02/28/2009

---

**CASE ADMINISTRATION**
**JULIE A HALPER**
**CHAPTER 7  07-04873**

Payments received since last invoice                $0.00

Balance brought forward                             $0.00

### PROFESSIONAL SERVICES

| Date | | Description | Hours | | Rate | Amount |
|------|------|-------------|-------|------|------|--------|
| 06/26/2007 | IPG | Began work on draft retention Motion and Order | 0.50 | hrs. | 295.00 | 147.50 |
| 07/10/2007 | IPG | Continued work on Motion to Retain Counsel | 0.40 | hrs. | 295.00 | 118.00 |
| 07/17/2007 | IPG | Prepared for(.40) and appeared upon retention motion(.50); revising draft orders and drafted cover letter for same(.40) | 1.30 | hrs. | 295.00 | 383.50 |
| 07/18/2007 | IPG | Work on general retention orders(.40) and cover letter regarding same(.10) | 0.50 | hrs. | 295.00 | 147.50 |
| 08/26/2008 | IPG | Reviewing retention orders | 0.20 | hrs. | 310.00 | 62.00 |
| 08/27/2008 | IPG | Reviewing file on line(.40) and draft email to L West and R Katz which among other things forwards information to L West to conduct a conflicts check for her firms proposed retention as accountants(.20); work on retention motion and draft order(.40) | 1.00 | hrs. | 310.00 | 310.00 |
| 09/15/2008 | IPG | Revising draft motion to retain L West and related order | 0.40 | hrs. | 310.00 | 124.00 |
| 11/06/2008 | IPG | Prepared for(.20) and appeared on Motion to Retain Accountant(.40); correspond with L West, the Estate's accountant regarding orders entered today(.10) | 0.70 | hrs. | 310.00 | 217.00 |

EXHIBIT
B

HALPJI    HALPER, JULIE A                    Invoice#   0                Page  2

| IPG | 11/21/2008 | | 0.20 | 0.20 | 310.00 | 62.00 |
| 11/21/2008 | IPG | Reviewing file concerning(.10) and Correspond with Estate's accountant to inquire whether the Estate may be entitled to a tax refund(.10) | | 0.20  hrs. | | 62.00 |

### TOTAL PROFESSIONAL SERVICES                    $1,571.50

<u>Billing Summary</u>
Total professional services                  $1,571.50
Total of new charges for this invoice          $1,571.50

_____

**Total balance now due**                    **$1,571.50**

| IPG | | 5.20 | 302.21 | $1,571.50 |
| | | 5.20 | | $1,571.50 |

**DI MONTE & LIZAK LLC**
ATTORNEYS AT LAW
216 WEST HIGGINS ROAD
PARK RIDGE, ILLINOIS 60068
(847) 698-9600
FEIN: 36-3152797

February 28, 2009

ROBERT B KATZ
JULIE A HALPER BANKRUPTCY
223 W JACKSON BLVD   STE 1010
CHICAGO, IL  60606

Invoice#   0
Client#   HALPJ1        00002
Billing through   02/28/2009

**CREDITORS & CLAIMS**
**JULIE A HALPER**
**CHAPTER 7   07-04873**

Payments received since last invoice                $0.00

Balance brought forward                             $0.00

## PROFESSIONAL SERVICES

| Date | | Description | | Hours | Rate | Amount |
|------|-----|-------------|------|-------|------|--------|
| 11/20/2008 | IPG | Reviewing docket regarding asset report and whether claim bar date issued(.20); correspond with Trustee to set a bar date and have notice thereof issue(.10) | 0.30 | 0.30 hrs. | 310.00 | 93.00 |
| 11/21/2008 | IPG | Review ECF notice related to bar date(.10) and correspond with Trustee's paralegal Alec Boyle related to same(.20) | 0.30 | 0.30 hrs. | 310.00 | 93.00 |
| 12/01/2008 | IPG | Review bar date notice and update file regarding same | 0.20 | 0.20 hrs. | 310.00 | 62.00 |
| 12/02/2008 | IPG | Reviewing proof of claims 1 and 2 filed on ECF by Roundup Funding | 0.40 | 0.40 hrs. | 310.00 | 124.00 |
| 12/31/2008 | IPG | Review claim of American Express(.20) received via ECF and follow review of file related to bar date(.20) | 0.40 | 0.40 hrs. | 310.00 | 124.00 |
| 02/26/2009 | IPG | Reviewing claims to verify no objections are required | 0.50 | 0.50 hrs. | 310.00 | 155.00 |

TOTAL PROFESSIONAL SERVICES                $651.00

Billing Summary
Total professional services          $651.00

HALPJ1       HALPER, JULIE A                                    Invoice#   0                Page  2

Total of new charges for this invoice                $651.00

**Total balance now due**                            **$651.00**

   IPG                              2.10      310.00              $651.00

                                       2.10                          $651.00

**DI MONTE & LIZAK LLC**
ATTORNEYS AT LAW
216 WEST HIGGINS ROAD
PARK RIDGE, ILLINOIS 60068
(847) 698-9600
FEIN: 36-3152797

February 28, 2009

ROBERT B KATZ
JULIE A HALPER BANKRUPTCY
223 W JACKSON BLVD   STE 1010
CHICAGO, IL   60606

Invoice#   0
Client#   HALPJ1      00015
Billing through   02/28/2009

---

**FEE PETITIONS**
**JULIE A HALPER**
**CHAPTER 7   07-04873**

Payments received since last invoice                    $0.00

Balance brought forward                    $0.00

PROFESSIONAL SERVICES

| | | | | | | |
|---|---|---|---|---|---|---|
| IPG | 02/26/2009 | | 1.00 | 1.00 | 310.00 | 310.00 |
| 02/26/2009 | IPG | Initial work on final fee application | | 1.00 hrs. | | 310.00 |

TOTAL PROFESSIONAL SERVICES                    $310.00

Billing Summary
Total professional services                    $310.00
Total of new charges for this invoice                    $310.00

**Total balance now due**                    **$310.00**

| | | | |
|---|---|---|---|
| IPG | 1.00 | 310.00 | $310.00 |
| | 1.00 | | $310.00 |

**DI MONTE & LIZAK LLC**
ATTORNEYS AT LAW
216 WEST HIGGINS ROAD
PARK RIDGE, ILLINOIS 60068
(847) 698-9600
FEIN: 36-3152797

February 28, 2009

ROBERT B KATZ
JULIE A HALPER BANKRUPTCY
223 W JACKSON BLVD   STE 1010
CHICAGO, IL  60606

| | | |
|---|---|---|
| Invoice# | 0 | |
| Client# | HALPJ1 | 00028 |
| Billing through | 02/28/2009 | |

**CLOSING OF CASE**
**JULIE A HALPER**
**CHAPTER 7   07-04873**

Payments received since last invoice          $0.00

Balance brought forward                       $0.00

PROFESSIONAL SERVICES

| | | | | | |
|---|---|---|---|---|---|
| IPG | 02/26/2009 | | 3.00 | 3.00 | 310.00 | 930.00 |

| Date | Code | Description | Hours | Amount |
|---|---|---|---|---|
| 02/26/2009 | IPG | Anticipated time for 1) additional work related to the preparation and presentation of a first and final fee application; 2) discussions with the Trustee and parties in interest related to the closing of this case; and 3) appearance (s) related to the anticipated closing of this case. | 3.00 hrs. | 930.00 |

TOTAL PROFESSIONAL SERVICES          $930.00

Billing Summary
Total professional services              $930.00
Total of new charges for this invoice    $930.00

**Total balance now due**                **$930.00**

| | | | |
|---|---|---|---|
| IPG | 3.00 | 310.00 | $930.00 |
| | 3.00 | | $930.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| Julie A. Halper, | ) | Case No. 07-04873 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## SUMMARY OF DIMONTE & LIZAK, LLC'S
## FEE APPLICATION AND ADDITIONAL DISCLOSURES

1.  Name of Applicant:                DiMonte & Lizak, LLC

2.  Role of Applicant:                Counsel for Trustee

3.  Name of Certifying
    Professional:                     Ira P. Goldberg

4.  Name of Person/Entity
    Reviewing Petition:               Robert B. Katz, Trustee

5.  Result of Petition Review:        __X__ Approved _____ Disapproved

6.  Explanation of Disapproval:       Not Applicable

7.  Is Compensation Being
    Sought Pursuant to
    11 U.S.C. § 503(b)?               _____ Yes __X__ No

8.  Terms of Employment              Hourly rates/ 11 U.S.C. § 330, et seq.
                                     As per court order.

9.  Promised Payment:                N/A

10. Source(s) of Compensation:       Monetary recoveries of the Estate.

11. Terms of Any Retainer:           N/A

12. Applicable caps
    on compensation or
    other charges:                   N/A

                                              **EXHIBIT A**

13. Is compensation being
sought less than 120 days
after the order for relief:          ___ Yes  _X_ No

14. Date and terms of order,
if any, allowing shortened
interval for fee petitions:          N/A

15. Date of Fee Application:          At final meeting

16. Dates of Services
Reimbursement Sought:              June 25, 2007 through
                                   and including the closing of this case

17. Total Gross Amount of
Requested Professional
Fees (from Exhibit B)               $3,462.50

18. Remaining Non-Awarded
Fee Retainer Received               N/A

19. Remaining Non-Awarded
Professional Fee Payments
From Other Sources                  N/A

20. TOTAL "NET" AMOUNT
OF REQUESTED
PROFESSIONAL FEE                    $3,409.19 (After credit of $53.31)

21. Total Gross Amount of Requested
Reimbursement of Disbursements
and Expenses (from Exhibit C)       N/A

22. Remaining Non-Awarded
Cost Retainer Received              $ N/A

23. Remaining Non-Awarded
Other Cost Payments                 $ N/A

24. TOTAL "NET" AMOUNT
OF REQUESTED
DISBURSEMENT                        $3,409.19

25. TOTAL NET REQUESTED
    AWARD (FEES & COSTS
    FOR FEE APPLICATION)            $3,409.19

## CASE INFORMATION

1. Date Case Filed:                            March 20, 2007

2. Date of Order Approving
   Professional Employment:                    July 24, 2007 (Retroactive
                                               to June 25, 2007)

3. Date Services Commenced:                    On or about August 6, 2007

4. Date(s) and Source(s) of
   Retainer:                                   N/A

5. Total Amount of Fee
   Retainer Received:                          N/A

6. Total Amount of Cost
   Retainer Received:                          N/A

7. Date of Disclosure of
   Compensation (FRBP 2016):                   N/A

8. Date Plan Filed:                            N/A

9. Date Disclosure Statement
   Filed:                                      N/A

10. Expected Date of Plan Filing:              N/A

11. Expected Date of Disclosure
    Statement Filing:                          N/A

12. Have All Quarterly Fees
    Been Paid to the
    United States Trustee?:                     N/A
    Explanation:

13. Have all monthly operating
    reports been filed?:                        N/A
    Explanation:

14.   Cash on Hand                                    Approx. $14,000.00

15.   Unencumbered Funds on Hand                      Approx. $14,000.00

16.   Accrued Administrative Expenses                 $ Unknown
          a.    Attorney Fees
                and Expenses:              $ Unknown - Fee Applications Pending

          b.    DIP Obligations:                      $ NONE

          c.    Accountants Fees
                and Expenses                          $ Undetermined

          d.    Requested Chapter
                7 Trustee Fee                         $ Undetermined

          e.    Chapter 11
                Trustee Fee                           $ N/A

          f.    Other:                                $ Total unknown

17.   Total Prior Interim
      Professional Fees Awarded                       $ N/A

18.   Total Prior Interim
      Expenses Awarded:                               $N/A

19.   Total Professional Fee
      Payments From Other Sources:                    $N/A

      (a)    (Date: _____; $_____)

20.   Total Cost Payments From
      Other Sources:                                  $N/A

      (a)    (Date: _____; $_____)
      (b)    (Date: _____; $ _____)

# EXHIBIT A - SUMMARY SHEET

In Re:                                    ) Chapter 7

Julie A. Halper,                          ) 07-04873

                                          )
                                          )
Debtor.                                   ) Hon. Eugene R. Wedoff
                                          ) Bankruptcy Judge

| | |
|---|---|
| Fees Previously Requested | $10,000.00 |
| Fees Previously Awarded | $ 127.66 |
| Expenses Previously Requested | $ 127.66 |
| Expenses Previously Awarded | $ 127.66 |
| Retainer Paid | $-0- |
| NAME OF APPLICANT: | DiMonte & Lizak, LLC |
| ROLE IN THE CASE: | Role in Case: Counsel for the Trustee |

CURRENT APPLICATION:

| | |
|---|---|
| Fees Requested: | $ 3462.50 |
| Expenses Requested: | $ (53.31) |
| Total: | $ 3409.19 |

## FEE APPLICATION

| NAMES OF PROFESSIONALS/ APPLICATION PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED | RATE | TOTAL |
|---|---|---|---|---|
| | | CURRENT APPLICATION | | |
| **ATTORNEYS** | | | | |
| Ira P. Goldberg (Developmental Partner) | 1983 | 11.3 | $295.00-$310.00 | $ 3,462.50 |
| | | | | |
| Total: | | 11.3 | | $ 3,462.50 |
| Less Voluntary Reduction | | | | $ (53.31) |
| | | | | $ 3,409.19 |
| **TOTAL BLENDED HOURLY RATE:** | | | | $301.69 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:  JULIE A. HALPER      )      CHAPTER 7

                                )

                                )      Case No.  07 B 04873

          Debtor         )

                                )      HON. JACQUELINE P. COX

                                )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant:    POPOWCER KATTEN, LTD.

Authorized to Provide
Professional Services to:    ROBERT B. KATZ, TRUSTEE

Date of Order authorizing Employment: August 27, 2008

Period for Which
Compensation is Sought:  From September 3, 2008 through May 22, 2009

Amount of Fees Sought:   $1,829.00

Amount of Expense Reimbursement Sought:  $ 0

This is an:  Interim Application_____    Final Application   _X___

Previous applications / allowances of this applicant:

Fees Sought:   NONE          Fees Allowed:   NONE
Costs Sought:   NONE        Costs Allowed:   NONE

                               Applicant:

Date:  June 5, 2009            By:  _Lois West_____

                               Lois West, CPA
                               Certifying Professional

                               POPOWCER KATTEN, LTD.
                               35 E. Wacker Drive, Suite 1550
                               Chicago, IL  60601-2207

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:   JULIE A. HALPER          )      CASE NO. 07 B 04873

                                   )

                                   )      CHAPTER 7 CASE

                                   )

                                   )      JUDGE JACQUELINE P. COX

           DEBTOR              )

TO:  THE HONORABLE JACQUELINE P. COX
       BANKRUPTCY JUDGE

**APPLICATION OF TRUSTEE'S ACCOUNTANT
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Popowcer Katten, Ltd., accountant for the Trustee pursuant to 11 U.S.C. Sec 330 and Bankruptcy Rule 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1.  The Petition commencing this case was filed on March 20, 2007 and this Court on November 6, 2008 authorized the employment of the firm of Popowcer Katten, Ltd. to serve as accountant for the trustee retroactive to August 27, 2008.

2.  Applicant requests $1,829.00 in compensation for 8.8 hours of services performed and reimbursement of actual expenses in the amount of $0 for the period September 3, 2008 through May 22, 2009.

3.  A description of the nature of the services rendered by the Applicant are as follows:

           Accounting and tax services including research of the withholding requirements of a wrongful termination settlement for the bankruptcy estate and the preparation of the federal and state fiduciary income tax returns for the year ended December 31, 2008 and preparation of letters to the Internal Revenue Service and the Illinois Department of Revenue in accordance with code section 505(b).

4.  Attached as Exhibit "A" is an itemized statement of the accounting services rendered.  The statement reflects the accounting services rendered, the persons who rendered those services, and a description of the work performed.

5.  The time expended and services rendered by Applicant is summarized as follows:

Tax Services:

| Accountant | Hours | Rate | Total |
|---|---|---|---|
| L. West | 4.6 | $215 | $  989.00 |
| K. Mix | 4.2 | $200 | 840.00 |
| Total | 8.8 | | $ 1,829.00 |

6.  Based on the nature, extent, and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation sought is fair and reasonable.

7.  At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $1,849.00 for the accounting services rendered in this case and reimbursement of expenses of $0 incurred.

DATE:  June 5, 2009                    RESPECTFULLY SUBMITTED,

Lois West
Certifying Professional
35 E. Wacker Drive
Chicago, IL  60601-2124



**POPOWCER KATTEN, LTD.**

CERTIFIED PUBLIC ACCOUNTANTS

**Invoice No.** 23301

35 EAST WACKER DRIVE
SUITE 1550
CHICAGO, ILLINOIS 60601-2207
PHONE: 312/201-6450
FAX: 312/201-1286
www.popcocpa.com

- Estate of Julie A. Halper  (07 B 04873)
- c/o Robert B. Katz, Trustee
- Law Offices of Robert B. Katz
- 53 W. Jackson Blvd., Suite 1320
- Chicago, IL 60604

**Date:** June 5, 2009                 **Account No.:** KAZ18033L

For Professional Services Rendered:

For accounting and tax services rendered for the period September 3, 2008 through May 22, 2009 including research of withholding requirements on a wrongful termination settlement and the preparation of the federal and state fiduciary income tax returns for the final year ended December 31, 2008 and preparation of letters to the Internal Revenue Service and the Illinois Department of Revenue in accordance with code section 505(b).

The following personnel performed the professional services indicated on the attached detailed billing run on behalf of the estate:

|          | Title                 | Hours | Rate    | Amount     |
|----------|-----------------------|-------|---------|------------|
| L. West  | Bankruptcy Specialist | 4.6   | $215.   | $ 989.00   |
| K. Mix   | Tax Specialist        | 4.2   | 200.    | 840.00     |
|          | Total due :           | 8.8   |         | $1,829.00  |

**EXHIBIT A**

**ESTATE OF JULIE A. HALPER  (07 B 04873)**

**Time Sort by Date**

| Date | Description | Hours | Name |
|------|-------------|-------|------|
| 9/3/2008 | Tax Research - Research withholding tax issues involved in back pay awarded to a debtor's bankruptcy estate.  Review IRB 2006-40 and draft memo. | 4.2 | K. Mix |
| 9/4/2008 | Tax Consulting - Review research memo and respond to questions from attorney and trustee re: withholding on wage settlements. | 0.5 | L. West |
| 5/21/2009 | Tax Return Preparation - Preparation of workpapers and federal and state fiduciary returns for year ended 12/31/08. Prepare 505(b) letters, transmittal letters and forms 8821 and IL-2848.  Make manual changes as required. | 3.8 | L. West |
| 5/22/2009 | Tax Review - Final review - check assembly and sign returns for final year ending 12/31/08. | 0.3 | L. West |

Total hours  8.8

EXHIBIT A

Case 07-04873   Doc 25   Filed 11/06/08   Entered 11/06/08 13:39:55   Desc Main
Document    Page 1 of 2

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JULIE A. HALPER, | ) | Case No. 07-04873 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | Hearing Date: October 7, 2008 |
| | ) | Hearing Time: 9:30 a.m. |

**ORDER AUTHORIZING TRUSTEE TO RETAIN LOIS WEST OF THE FIRM OF
POPOWCER, KATTEN, LTD. AS ACCOUNTANT TO THE TRUSTEE**

This matter having been heard on the Trustee's Motion to Retain Accountant ("Motion"), due notice thereof having been given, the court having determined that this matter constitutes a core proceeding, it appearing to the court from the Motion that Lois West of the firm of Popowcer, Katten, Ltd. (the "Accountant"), proposed to be retained is eligible to represent the Trustee pursuant to the provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure, and that the Accountant is disinterested and represents no interest adverse to the estate; and the court having been fully advised in the premises,

**IT IS HEREBY ORDERED** as follows:

1.    Robert B. Katz, the trustee of the estate of the Debtor, is authorized to retain Lois West and the accounting firm of Popowcer, Katten, Ltd. (collectively "Popowcer"), as his accountants in this case;

2.    Popowcer is retained retroactive to August 27, 2008; and

3.    The compensation of Popowcer shall be subject to and fixed by order of this court pursuant to fee petitions to be submitted in accordance with the applicable provisions of the

Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

DATE:                          ENTERED:        *Jacqueline P. Cox*
                                               J. Cox
        11-6-08
                                      Honorable Jacqueline P. Cox
                                      United States Bankruptcy Judge


Order prepared by:
Ira P. Goldberg #6185512
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel:  (847) 698-9600
Fax: (847) 698-9623
Email: igoldberg@dimontelaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:  JULIE A. HALPER              )      CASE NO.  07 B 04873
                                    )
                                    )      CHAPTER 7 CASE
            DEBTOR                   )
                                    )      JUDGE JACQUELINE P. COX
                                    )

## ORDER APPROVING COMPENSATION OF TRUSTEE'S ACCOUNTANT

THIS CAUSE coming to be heard on the Application of Trustee's Accountant for Allowance of Final Compensation and Reimbursement of Expenses ("Application");

IT APPEARING to the Court that payment of fees and reimbursement of costs requested herein is appropriate, and that the fees and expense reimbursements requested are reasonable, and notice of the Application having been duly given and no objection being heard, and therefore

IT IS HEREBY ORDERED:

A.  The Application is granted.

B.  Popowcer Katten, Ltd. is awarded final compensation for the period September 3, 2008 through May 22, 2009 in the amount of $1,829.00 and reimbursement of expenses in the amount of $0.

C.  The Trustee is authorized to pay such amounts forthwith from funds in the bankruptcy estate as an administrative expense of the estate pursuant to section 507(a)(l) of the Bankruptcy Code.

                        BY THE COURT:


                        _____
                        U.S. BANKRUPTCY JUDGE